Gentlemen:
This responds to your written requests for an opinion of this office concerning ownership, navigability, public use and access to Mound Bayou, also known as Bayou LaButte, and waterways connected to the Bayou Saveur System, as well as several other waterways identified in the attachments to your respective letters.
Upon receiving your requests, we contacted the State Land Office and the U.S. Army Corps of Engineers ("Corps"), New Orleans District, and have obtained information, maps and data from these two offices relevant to the questions presented. Prior to your requests, interviews were conducted with complainants who called to make inquiries about the nature of these water bodies and who gave us relevant information based upon their experience in navigating the water bodies. Thereafter, the State Land Office dispatched a field survey crew to conduct field reconnaissance work to ascertain the widths, depths and general characteristics, as well as navigability, of the areas in question.
Public and private interest in this matter arises out of the blockage of waterways at six (6) different locations by the use of seven (7) sets of pilings placed by the Harry Bourg Corporation in waters claimed to be owned by it or Louisiana Land and Exploration Co. The locations are described in a Corps permit application filed by that company with an affidavit dated March 27, 2001, executed by Cyrus J. Theriot, Jr., President, and forwarded to the Coastal Management Division, Louisiana Department of Natural Resources, as well as other relevant State agencies, for review and comment.
As a result of calls from the public complaining about blockage at the locations described in the permit application, we learned that pilings had already been placed at several of the locations prior to the permit application process, and by letter of April 26, 2001, this office wrote to Mr. Ronald J. Ventola, Chief of the Army Corps' Regulatory Branch, objecting to the blockage of publicly navigable waters without permit or lawful authority. The State Land Office made similar objections by its comments of April 25, 2001, to the State Coastal Management Division and by its letter of May 9, 2001, to the Corps.
We asked the Corps for a response to the information presented in our correspondence, but to date we have not had an answer from the Regulatory Branch. However, we did receive a copy of a July 19, 2001 letter from Mr. R.H. Schroeder, Jr., Chief of the Corps' Operations Division, advising Mr. Cyrus J. Theriot, President of Harry Bourg Corporation, that it had been determined by the Corps that one or more of the structures were completed without prior approval and the work described was in navigable waters of the United States, subject to Department of the Army Regulatory Authority, and constituting violations of Section 10 of the Rivers and Harbors Act.
The letter explicitly stated that it was an official notice of violation and that the Harry Bourg Corporation was to cease and desist all unauthorized work at the sites, Mound Bayou and Fohs Canal. The Corporation was further directed to remove three pilings and attendant cross members from the channel of Mound Bayou, leaving a number of pilings in place. This office considers the remaining pilings to be unlawful encroachments in the state water bottom which should be removed, having ruled for many years that the placement of a single piling in a public water bottom is tantamount to the attempted alienation of public waters.
With the assistance of the State Land Office, we have also reviewed the official U.S. Government township plats, field notes, quadrangle maps of the USGS, color photographs referenced by latitude and longitude taken by the State Land Office, together with measurements of width and depth of the subject water bodies.
It is our conclusion from a review of all available materials that the subject areas identified below are naturally occurring navigable water bodies which have become wider and deeper due to natural forces. These water bodies are tidally influenced and connected to the Gulf of Mexico. They are openly navigable, susceptible of commercial navigation and actually navigated for recreational and commercial purposes.
Waterway locations by site:
 Project A — Part of Bayou Saveur System-connected to Gulf via Grand Bayou Du Large and Bayou Grand Calliou.
 Width — site varies between 200' to 262'
 Depth — 4'
 Naturally navigable and claimed by the State
 Project B — Part of Bayou Saveur System connected to Gulf via Grand Bayou Du Large and Bayou Grand Caillou.
 Width — 99.0'
 Depth — 6.5'
 Naturally navigable and claimed by the State.
 Project C — Fohs Canal and dredged canals. Currently appear as enlarged and eroded canals.
 Navigable, but not claimed by the State at this time.
 Project D — Fohs Canal at intersection with dredged canal known as "Eight Foot Tranasse".
 Currently appear as enlarged and eroded canals.
 Navigable, but not claimed by the State at this time.
 Project E — Main body of Mound Bayou, including juncture with Fohs canal connected to Gulf via Bayou Grand Calliou and Houma Navigation Canal.
 Width — 142'
 Depth — 8.1'
 Naturally navigable and claimed by the State, except as to canal, which appears to follow naturally occurring trenasse enlarged by dredging.
 No study has been done on canal at this time.
 Project F — Segment of Bayou Rambio at its juncture with a fork in the bayou — Connected to Gulf via Bayou Grand Caillou and Houma Navigation Canal.
 Width — 137.5'
 Depth — 4.5'
 Naturally navigable and claimed by the State.
The State claims ownership of these areas as naturally occurring navigable waterways owned by the State by virtue of inherent sovereignty and, additionally, under the authority of La.R.S. 9:1101, La.R.S. 41:1701, La.R.S. 56:3A, and the jurisprudence of this State, including State v.Jefferson Island Salt Mining Co., 183. La. 304, 163 So. 145 (1935), cert. den. 297 U.S. 729, 56 S.Ct. 667, 80 L.Ed. 1011 (1936).
It is the long-settled rule of law in this State that "where the forces of nature — subsidence and erosion — have operated on the banks of a navigable body of water, regardless of whether it be a body of fresh water or the sea, or an arm of the sea, the submerged area becomes a portion of the bed and is insusceptible of private ownership. * * * It is the rule of property and of title in this State, and also a rule of public policy that the State, as a sovereignty, holds title to the beds of navigable bodies of water." Miami Corp. v. State, 186 La. 784,173 So. 315 (1936), at 322, cert. den. 302 U.S. 700, 58 S.Ct. 19,82 L.Ed. 541 (1937).
Based upon the information we have reviewed, the beds and bottoms of the subject water bodies, as identified above, are owned by the State and the public has a legal right of access to navigate these waters for all purposes.
There is no authority for private interests to close, block, obstruct or limit access and use of these waterways, which actions would be contrary to the numerous cited provisions of Louisiana law. Additionally, the Louisiana Criminal Code specifically prohibits blockage of a highway of commerce under La.R.S. 14:96, the pertinent provisions of which read as follows:
 Aggravated obstruction of a highway of commerce is the intentional or criminally negligent placing of anything, or performance of any act, on any railway, railroad, navigable waterway, road, highway, thoroughfare, or runway of an airport, wherein it is foreseeable that human life might be endangered.
The simple obstruction of a highway of commerce is also prohibited by La.R.S. 14:97, as follows:
 Simple obstruction of a highway of commerce is the intentional or criminally negligent placing of anything or performance of any act on any railway, railroad, navigable waterway, road, highway, thoroughfare, or runway of an airport, which will render movement thereon more difficult.
Further, even the obstruction of a public passage is prohibited by the La.R.S. 14:101, as follows:
 No person shall willfully obstruct the free, convenient and normal us of any public sidewalk, street, highway, bridge, alley, road, or other passageway, or the entrance, corridor or passage of any public building, structure, water craft or ferry, by impeding, hindering, stifling, retarding or restraining traffic or passage thereon or therein.
Under the Louisiana Constitution of 1974, "a district attorney * * * shall have charge of every criminal prosecution by the State in his district * * *" and would be the appropriate authority to pursue such violations under Article V, Section 26, although the Attorney General could provide advise and assistance upon request under Article IV, Section 8.
We hope this opinion is of benefit to you and if we may be of further assistance, please advise us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ GARY L. KEYSER, CHIEF Lands Natural Resources Section
RPI/GLK/tp
DATE REQUESTED:
DATE RELEASED: September 13, 2001